[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-14366
Non-Argument Calendar

_____

D.C. Docket Nos. 5:14-cv-00397-MTT-CHW,
5:10-cr-00046-MTT-CHW-3

MICHAEL MCSHUN REEVES,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(December 8, 2016)

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Michael Reeves, proceeding pro se, appeals the district court's denial of his

28 U.S.C. § 2255 motion without an evidentiary hearing.  We granted a certificate

of appealability on the issue of "[w]hether the district court erred in denying, without an evidentiary hearing, Mr. Reeves's claim that counsel was constitutionally ineffective for failing to adequately advise him regarding a plea offer or plea offers from the government."  On appeal, Reeves argues that an evidentiary hearing was necessary to ascertain relevant facts and make credibility determinations concerning his claim that his two trial attorneys were ineffective for inadequately advising him about a plea offer, particularly because the government did not provide any evidence refuting his claims.  After careful review, we affirm.

We review a district court's denial of an evidentiary hearing in a § 2255 case for abuse of discretion.  Winthrop-Redin v. United States, 767 F.3d 1210, 1215 (11th Cir. 2014).  "A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous."  Id. (quotation omitted).

An evidentiary hearing must be held on a motion to vacate "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  The prisoner is entitled to an evidentiary hearing if he alleges facts that, if true, would entitle him to relief.  Winthrop-Redin, 767 F.3d at 1216.  However, the district court does not have to

2

hold a hearing if the allegations are patently frivolous, based upon unsupported generalizations, or affirmatively contradicted by the record.  Id.

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel.  Strickland v. Washington, 466 U.S. 668, 686 (1984).  The two-part Strickland test applies to a defendant's allegations of ineffective assistance during plea negotiations, and the defendant must show that: (1) his trial counsel's performance was deficient; and (2) trial counsel's deficient performance prejudiced the defense.  Rosin v. United States, 786 F.3d 873, 877 (11th Cir.), cert. denied, 136 S. Ct. 429 (2015).  If the movant fails to establish either prong, the reviewing court need not address the other prong.  Strickland, 466 U.S. at 697. Generally, defense counsel has a duty to communicate formal offers from the government that may be favorable to their client.  Missouri v. Frye, 132 S. Ct. 1399, 1408 (2012).  In the context of a rejected plea agreement or failed plea bargaining, the prejudice prong requires that the defendant show that:

> but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012).

3

Here, the district court did not abuse its discretion when it denied, without an evidentiary hearing, Reeves's claim that his trial attorneys were ineffective for their alleged failure to adequately advise him about a plea offer. As for his first counsel, Charles Mathis, Mathis's performance (even if shown to be deficient) could not have prejudiced Reeves. Rather, the record reveals that no codefendant pleaded guilty until more than two months after Reeves's second counsel, John Fox, took over, and more than eight months after Mathis died. Thus, the record conclusively shows that Mathis's performance could not have affected Reeves's ability to accept a plea deal, and Reeves was not entitled to an evidentiary hearing concerning Mathis.

As for his second counsel, even if Reeves could show that Fox failed to present to him an alleged potential deal of 210 to 264 months' imprisonment, Reeves was not prejudiced by this failure either. The record conclusively shows that Reeves already had rejected a deal with a lower term of imprisonment. Reeves submitted a letter from Fox providing that he informed Reeves of a potential plea deal for 14 to 17 years' imprisonment, which Reeves rejected because of the stipulated drug quantity proposed by the government. Although the letter was unsworn and dated two years after sentencing, its contents are verified by contemporaneous events -- for example, the government also referenced that specific potential agreement at sentencing, and Fox acknowledged on the record

4

that negotiations had not worked out.  Reeves noted at the sentencing hearing that, in hindsight, taking a plea would have been a better course of action, but he never disputed the accuracy of the government's account of the plea negotiations.  Nor did he ever indicate that he had not heard of the government's 14-to-17-year offer. In addition, the government earlier noted at a January 2011 pretrial status hearing, which Reeves attended, that it would be offering plea deals to everyone.  While Reeves argues that the January 2011 status hearing was continued and did not occur, the existence of the hearing transcript conclusively shows that the hearing did occur.  Thus, because the record conclusively shows that Reeves already had rejected a better deal, he is unable to meet his burden of showing a reasonable probability that he would have taken the alleged 210-to-264 month offer under the circumstances.  See Lafler, 132 S. Ct. at 1385 (holding that the defendant must show a reasonable probability that he would have accepted the deal).

Finally, as for Reeves's argument that his attorneys never discussed his sentencing exposure and should have advised him more strongly to take a plea deal, Reeves was aware of his potential exposure to a sentencing range of 360-months'-to-life imprisonment as early as his initial appearance and arraignment. He even signed a form acknowledging as much.  As a result, the record and Reeves's submitted evidence conclusively show that he knew his sentencing exposure and nonetheless rejected a potential plea agreement for 14-to-17 years'

5

imprisonment.  He, therefore, could not have been prejudiced by their performance concerning a later, and less favorable, deal.  Accordingly, the district court did not abuse its discretion by denying Reeves's § 2255 motion without an evidentiary hearing.

**AFFIRMED.**